# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DEANNA M. MACKAY, | Case No. 2:24-cv-01200-JAD-NJK |
| Plaintiff(s), | **ORDER** |
| v. | [Docket No. 5] |
| JUDGE ROBERT W. LANE, et al., | |
| Defendant(s). | |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*.

## I.   *In Forma Pauperis* Application

After the Court denied her first application as incomplete, Docket No. 4, Plaintiff filed an amended application to proceed *in forma* pauperis as required by § 1915(a), Docket No. 5. Plaintiff has therein shown an inability to prepay fees and costs or give security for them.[1] Accordingly, the application to proceed *in forma pauperis* (Docket No. 5) will be granted pursuant to 28 U.S.C. § 1915(a).

## II.   **Screening the Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

---

[1] The writing on this amended application borders on the illegible. Plaintiff is reminded moving forward that she must ensure that her handwriting is readable.

complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

In addition, the Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it. Fed. R. Civ. P. 12(h)(3). Federal courts have limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Kokkonen v. Guardian Life Ins. Co. Of Am.,* 511 U.S. 375, 377 (1994). Plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.,* 264 F.3d 952, 957 (9th Cir.2001) (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936)).

As a threshold matter, the Court notes that Plaintiff initially filed a complaint asserting federal claims against Defendants. Docket No. 1-2. Plaintiff then filed an amended complaint that identifies no federal question, enumerates no triggered federal statutes, treaties, or constitutional provisions, and indicates that it is predicated on the existence of diversity jurisdiction. Docket No.

3 at 3. It is well established that "an amended complaint supersedes the original," with the initial complaint being treated thereafter as "non-existent." *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). As such, the Court will screen the amended complaint as attempting to bring state law claims against Defendants as an exercise of diversity jurisdiction.

Three claims in the amended complaint fail from the outset. Plaintiff attempts to bring claims against two different state judges for actions taken during state court proceedings. Docket No. 9 at 7, 8. These claims are barred by judicial immunity. *See, e.g.*, *Curry v. Castillo*, 297 F.3d 940, 947 (9th Cir. 2002); *State v. Second Dist. Ct. Ex rel. Cnty. of Washoe*, 55 P.3d 420, 424 (Nev. 2022). Plaintiff attempts to bring a claim against the District Attorney's office related to a plea agreement in a state court proceeding. Docket No. 3 at 9. This claim is barred by prosecutorial immunity. *See, e.g.*, *Kalina v. Fletcher*, 522 U.S. 118, 123-24 (1997); *Edgar v. Wagner*, 699 P.2d 110, 112 (Nev. 1995).

Having addressed the three claims above, that leaves two potential claims in the amended complaint: (1) a claim against Plaintiff's criminal defense attorney alleging that he failed to perform his duties despite being paid $10,000, which the Court construes as a breach of contract claim, Docket No. 3 at 6, and (2) a claim against the District Attorney's office for making an allegedly false statement to the media, which the Court construes as a defamation claim, Docket No. 3 at 9.[2] Before the Court will screen these claims to determine whether they state a colorable cause of action, the Court notes that it does not appear that it has jurisdiction over these claims. Invoking diversity jurisdiction requires, *inter alia*, an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). While the Court ordinarily defers to the statement of damages in a complaint, it has an "independent obligation to examine its jurisdiction where doubts arise." *Leal v. Ferrini*, 2014 WL 7409500, at *3 (D. Nev. Dec. 31, 2014) (quoting *Surber v. Reliance Nat. Indem. Co.*, 110 F.Supp.2d 1227, 1231 (N. D. Cal.2000)). In this case, Plaintiff asserts that she is seeking $400,000 in damages, Docket No. 3 at 4, but no showing has been made that the breach of contract

---

[2] Although absolute immunity applies to work within a prosecutor's core functions, it appears that only qualified immunity applies to prosecutor's statements to the press. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 277-78 (1993).

3

claim against former defense counsel and defamation claim against the District Attorney's office could support more than $75,000 in damages.

Accordingly, the amended complaint is dismissed. Plaintiff is afforded an opportunity to file a second amended complaint if the deficiencies identified above can be corrected.

### III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's amended application to proceed *in forma pauperis* (Docket No. 5) is **GRANTED**. Plaintiff shall not be required to pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

2. Plaintiff's amended complaint is **DISMISSED** with leave to amend. Plaintiff will have until **January 10, 2025**, to file a second amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to further amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint or amended complaint) in order to make the second amended complaint complete. This is because, as a general rule, an amended complaint supersedes earlier pleadings. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the earlier pleadings no longer serve any function in the case. Therefore, in an amended complaint, each claim and the involvement of each defendant must be sufficiently alleged. **Failure to file a second amended complaint by the deadline set above will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: December 12, 2024

_____
Nancy J. Koppe
United States Magistrate Judge